| | | | |
|---|---|---|---|
| | AUSA: Tara Hindelang | Telephone: (313) 226-9543 | |
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: Lorin Folk | Telephone: (313) 226-0500 | |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.
Brandon John CIFIANI

Case No. 25-30587

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 26, 2025 to present__ in the county of __Oakland__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Sexual exploitation of children |
| 18 U.S.C. § 2252A(a)(1) & 2252A(a)(2) | Receipt, distribution and possession of child pornography |
| 18 U.S.C. §2422(b) | Coercion and enticement of minors. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Lorin Folk, Special Agent (HSI)
_____
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __September 16, 2025__

_____
*Judge's signature*

City and state: __Detroit, Michigan__   Hon. Elizabeth A. Stafford, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Lorin Folk, being first duly sworn, state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.	I am employed at the Department of Homeland Security, Homeland Security Investigations (HSI) as a Special Agent (SA) and have been so employed since 2012. I have conducted and participated in investigations involving various federal crimes, including child exploitative offenses.  I have had experience in the investigation, apprehension and prosecution of individuals involved in federal criminal offenses involving the use of cellular devices, computers, and the internet to commit offenses, and the available technology that can be used by law enforcement to assist in examining these devices. I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications and the execution of searches and seizures involving computer crimes. I have investigated and assisted in the investigation of criminal matters involving the sexual exploitation of children and child pornography, including violations of Title 18, United States Code, Sections 2251, 2252, and 2252A.

2.	This affidavit is made in support of a criminal complaint and arrest warrant for Brandon John CIFANI for violations of 18 USC §§ 2251 (sexual

1

exploitation of children), 2252A (receipt, distribution, possession of child pornography), and 2422(b) (coercion and enticement of minors).

3. This affidavit is based on my personal knowledge, experience, and training as well as on information obtained by me through investigative observations and conversations with other HSI agents and agents from other law enforcement agencies. This affidavit does not set forth every fact resulting from this investigation; rather, it contains a summary of the investigation to date for the limited purpose of establishing probable cause to obtain an arrest warrant.

## PROBABLE CAUSE

4. On July 5, 2025, a U.S. Customs and Border Patrol Officer (CBPO) at Detroit Metro Airport contacted HSI Detroit about the results of a secondary inspection at the airport. The CBPO advised that the secondary inspection of U.S. Citizen Brandon John CIFANI (DOB XX/XX/1996), upon his arrival in the United States from Amsterdam, found suspected Child Sexually Abusive Material (CSAM)[1] on his iPhone in the "Recently Deleted" image folder.

5. HSI responded to the airport and examined the detained iPhone. There were multiple videos in the "Recently Deleted" images folder of post-pubescent minor females. The videos appeared to have been captured from various

---

[1] For the purposes of this affidavit, the term "child sexually abusive material" or CSAM refers to material that I know, in my training and experience, meets the federal definition of child pornography in 18 U.S.C. § 2256(8) and/or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

2

video chat platforms via a screen recording function. In multiple videos, the minor females' genitalia were lasciviously displayed, and in some videos, the minor females performed sexual acts on themselves.

6. Specifically, the "Recently Deleted" folder included the following two videos that show two minor females, believed to be under the age of 18, with their genitalia lasciviously displayed or engaging in other sexually explicit activity. Therefore, the videos meet the federal definition of child pornography:

   a. A June 12, 2025, 1:21 PM screen captured video from a video chat in a browser where the participant on the top portion of the video is a female that appeared to be in her mid-teens wearing glasses. The participant in the lower portion of the screen is not visible, but a ceiling fan is. At various points in the video, the female shows her underwear, takes off her pants, and manipulates her genitalia with her fingers. There is no sound in the video.

   b. A May 26, 2025, 6:41 PM screen recording of a video chat that appeared to be on the Facetime platform depicting a minor female, believed to be in her early to mid-teens. In the upper left corner, the person recording the video was visible in frame, with the top of his black hair and a ceiling fan that appeared visibly like the one in the aforenoted screen recording. The minor female undressed and began to engage in sexual acts. At one point, the Facetime application is minimized and text messages are visible, one asking if he was "the omegle guy" and a response of "Yes." With the return to the Facetime application, the minor female's phone number was briefly visible.

7. There were numerous similar videos, as well as an assortment of photographs of females that appeared to have been taken surreptitiously in public

3

by using a camera to capture up the females' skirts. Agents detained CIFANI's iPhone.

*Exploitation of MV1 Found on CIFANI iPhone*

8. On July 30, 2025, HSI sought and obtained a federal search warrant for CIFANI's iPhone. The phone number associated to CIFANI's iPhone was 248-XXX-XXX5. There were multiple iMessages between CIFANI (posing as a teenaged boy named "Brody"), and a female in her teens with a Michigan-based area code, hereafter referred to as Minor Victim 1 (MV1).

9. There were also multiple screen recordings of Facetime communications between CIFANI and MV1 contained on CIFANI's device. The recordings have no audio. CIFANI only showed the top of his hair in the FaceTime conversations. One of these videos contained a lascivious display of MV1's genitalia. This video meets the federal definition of child pornography.

10. On August 13, 2025, an HSI Forensic Interviewer (FI) conducted an interview of MV1. MV1 stated that she was 16 years old when communications began with CIFANI and that CIFANI (acting as "Brody") stated that he was 17. MV1 stated that CIFANI offered gifts in exchange for MV1 to display her body to him. MV1 also stated that "Brody" wanted MV1 to break up with her prom date. MV1 identified herself in several screenshots from the FaceTime recordings. MV1

4

also identified photos of the teenage "Brody" from CIFANI's phone as photos that CIFANI had sent to her in an attempt to verify his identity.

11.  MV1 stated that another number began to text her on July 31, 2025, and she suspected this number to be "Brody." MV1's mother provided me with two photographs of an iMessage exchange starting on July 31, 2025, from MV1's phone with the new number, in which the person using it offers DoorDash, "an LV pouch for your keys and cards," and says: "Like seriously I want him gone." On August 1, the person using the phone asks to "ft" and continued to attempt contact with MV1 through August 8, 2025.

12.  On August 25, 2025, HSI received the records showing that beginning on July 9, 2025, the subscriber of the phone number that continued to contact MV1 was John CIFANI.

*Exploitation of MV2*

13.  On July 9, 2025, HSI agents identified the subscriber of the phone number that appeared briefly in the May 26, 2025, video containing child sexually abusive material, described above. The subscriber was determined to be a man residing in the Dallas, Texas area. On August 20, 2025, HSI Dallas special agents contacted the subscriber and identified him as the father of the child in the FaceTime screen recording, Minor Victim 2 (MV2). A forensic interview of MV2 occurred on August 21, 2025.

14. During the interview of MV2, a 12-year-old female, MV2 stated that CIFANI (posing as a teenage male) attempted to convince her to engage in sexual acts, including involving objects, and directed her to perform the sexual acts recorded in the FaceTime video found on CIFANI's phone. As stated above, at least one video of MV2 found on CIFANI's device meets the federal definition of child pornography. MV2 identified herself in screenshots from the FaceTime recording. MV2 also identified the teen male CIFANI posed as in an image shown to her by the forensic interviewer, as the person with whom she believed she was communicating.

### *Search Warrant Executed at CIFANI's Residence*

15. Based on the totality of the investigation, and continued attempts to contact MV1, agents sought and obtained a federal search warrant for CIFANI's home and person. On September 16, 2025, agents executed the warrant. During the execution of the search warrants, agents located CIFANI's new phone believed to have been used to continue to contact MV1. Agents also identified a particular ceiling fan in CIFANI's home that can be seen in multiple screen-recorded videos, including those containing child sexually abusive material found on CIFANI's original phone.

## CONCLUSION

16.  Based on the above, and the totality of the investigation, this affidavit supports probable cause for a complaint and arrest warrant for Brandon John CIFANI for violations of 18 USC §§ 2251 (sexual exploitation of children), 2252A (receipt, distribution, possession of child pornography), and 2422(b) (coercion and enticement of minors).

Respectfully submitted,

_____
Lorin Folk
Special Agent
Homeland Security Investigations

Sworn to before me and signed in my presence,
and/or by reliable electronic means.

_____
Hon. Elizabeth A. Stafford
United States Magistrate Judge